### LAZARUS v. SPENCER.

(Supreme Court, Appellate Term. February 3, 1899.)

CONTRACTS—PERFORMANCE.

    Recovery cannot be had on a contract for services to be performed by proof of performance before the contract was made.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Alexander Lazarus against Lorillard Spencer. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John W. Farquhar, for appellant.
Joel M. Marx, for respondent.

PER CURIAM. It appears that the defendant, having a chattel mortgage upon a certain newspaper, took possession of the mortgaged property upon default, and proceeded to sell the same for the purpose of acquiring an indefeasible title thereto. The sale took place on the 2d day of April, 1898, the defendant becoming the purchaser thereat. Prior to that time the defendant had commenced negotiations with a Mr. Patterson, looking to a sale of the property to him, which was ultimately consummated, and it is by reason of certain services which the plaintiff alleges were performed by him at the defendant's request, with respect to this transaction, that this action has been brought for the recovery of the sum of $100, alleged to be the sum agreed to be paid to him by the defendant. The plaintiff does not claim that the sale was brought about by him as the

procuring cause of the same, but bases his cause of action upon an agreement, the nature of which can best be stated by quoting from his testimony on the subject. He says: "Mr. Spencer said he would pay me one per cent. commission on ten thousand dollar sale and two per cent. on all under for seeing that everybody who came into the office to inquire about the paper should meet him, and nobody else." When asked, on cross-examination, to repeat what was said, he testified as follows: "Mr. Spencer said to me: 'You know all about the paper, and nobody knows better than you do about it, and I want any person who wants this paper to reach me. I want you to see that they reach me, and, if you do, for your services I will pay you one per cent. if I sell the paper for ten thousand dollars, and two per cent. for all under ten thousand dollars.'" He was further asked: "Q. Did you send everybody to Mr. Spencer? A. Yes, I sent the gentleman who bought the paper to him. Q. What is the gentleman's name? A. J. Bradley Patterson. Q. Did you bring Mr. Patterson in communication with Mr. Lorillard Spencer? A. I did." He further stated that he acted for Mr. Spencer in the negotiations between him and Mr. Patterson under his explicit directions. The plaintiff places the date of this interview on the day before the sale under the chattel mortgage,—that is, on April 1st,—and states that it took place in the defendant's private office, and that no one else was present at the time. The defendant absolutely denies that any such conversation took place.

If the only question before us was one involving the determination of this question of fact, we should not undertake to disturb the decision of the trial justice on the ground that questions involving the credibility of testimony are peculiarly within the province of the trial judge, whose determination in that regard will not ordinarily be reviewed on appeal. Assuming, therefore, that the alleged agreement was as the plaintiff has testified, the question still remains whether there was such a performance on his part as to support a recovery. The evidence shows beyond a reasonable doubt that Mr. Patterson was in communication with the defendant before the alleged agreement had been made. A letter was received in evidence, addressed by him to the defendant, embodying a complete proposition to purchase the paper, apparently upon the terms on which it was subsequently sold. He was also put upon the stand by the plaintiff, and testified that the first time he saw Mr. Lazarus was prior to the writing of this letter, when he came into the office of the newspaper, and asked to see the defendant, who happened not to be in at the time. The plaintiff claims that he thereupon communicated with the defendant at his club, advising him of the fact of Mr. Patterson's desire to see him, and states that this was the first time that he had seen the latter. It is thus manifest from indisputable evidence that whatever was done on this occasion by the plaintiff, as well as any other services performed by him with respect to the negotiations with Patterson down to the chattel mortgage sale, preceded the alleged agreement, and could not have been rendered in pursuance of it. It can hardly be said that there is evidence amounting to anything tending to show the performance of

services by the plaintiff after the 2d day of April, so that his claim, rests substantially on what took place prior to that date; and such services, as we have seen, could not have been rendered in pursuance of the agreement to which he has testified. The plaintiff is bound by the statement of the agreement to which he has testified, and can recover only by proving his compliance with it. This, we think, he has not done. The judgment must, therefore, be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.